OPINION OF THE COURT
Memorandum.
Ordered that the judgment is modified by reducing the amount awarded plaintiff to the principal sum of $1,149.40; as so modified, the judgment is affirmed, without costs.
In this action, plaintiff alleges that, on or about May 12, 2009, it was retained by defendant to perform legal services on his behalf in connection with litigation brought against him in the Supreme Court, Nassau County, and seeks to recover the sum of $2,666.90, representing the balance due for the legal services it rendered.
After a nonjury trial, at which David Lazer testified on behalf of plaintiff and defendant testified on his own behalf, the District Court disallowed charges of $975 for defendant’s initial consultation with Lazer, and, as plaintiff did not have defendant’s authorization to settle the underlying matter, the court disallowed $195 for a partner’s time in attempting to negotiate a settlement with defendant’s adversary in the underlying matter, and $250 for various telephone conversations during which settlement was discussed. In a decision after trial, the District Court directed that judgment be entered in favor of plaintiff in the principal sum of $1,244.90, that amount being reasonable and directly related to the necessary work performed by plaintiff in litigating the underlying matter (2012 NY Slip Op 33626[U] [Nassau Dist Ct 2012]). A judgment in the principal sum of $1,244.90 was entered on September 11, 2012, from which defendant appeals.
We find no merit to defendant’s contention that plaintiff should not have been permitted to recover for legal services performed prior to the execution of the retainer agreement. Although an attorney is required to provide his or her client with a written letter of engagement or written retainer agreement, the engagement letter or retainer agreement need not be provided and signed prior to the commencement of the repre *75 sentation, so long as the agreement is provided “within a reasonable time after commencing the representation” (22 NYCRR 1215.1 [c]), as was done here. Plaintiffs billing statements indicate that the legal work performed by plaintiff was commenced immediately before the actual execution of the retainer agreement on May 12, 2009, under circumstances indicating that time was of the essence, as defendant was in jeopardy of being arrested pursuant to an April 30, 2009 order of the Supreme Court, Nassau County (William R. LaMarca, J.), holding him in contempt of court. As this legal work was necessary to plaintiffs representation of defendant, we find that, with one exception, plaintiff was entitled to the compensation it sought. The exception involves the charge for the preparation of the retainer agreement, which traditionally does not fall within the rendition of legal services. Lazer testified that this was a standard retainer agreement, the preparation of which could not have taken more than .3 hour (or 18 minutes), or a total of $97.50. Consequently, plaintiffs recovery should be reduced by the principal sum of $97.50.
To the extent that defendant challenges the accuracy of the remaining amounts billed for the legal services performed after the execution of the retainer agreement, we note that the District Court reviewed the billing records and the work performed in the underlying matter, and ultimately focused upon whether the fees sought were reasonable and directly related to the necessary work performed by plaintiff in litigating the underlying matter. Furthermore, defendant did not demonstrate at trial that the work performed by plaintiff on his behalf was excessive, duplicative or unnecessary. We find that the District Court’s award of compensation to plaintiff for the legal services it rendered after the execution of the retainer agreement was appropriate in these circumstances.
In modifying the judgment, we note that the District Court made a mathematical error in calculating the sum to be awarded to plaintiff, which sum should have been, according to its analysis, $1,246.90 instead of $1,244.90. Consequently, in order to take into account this $2 mathematical error, we modify the judgment by reducing the principal sum awarded to plaintiff by $95.50.
Accordingly, the judgment is modified by reducing the amount of the award to the principal sum of $1,149.40.
Iannacci, J.P., Marano and Garguilo, JJ., concur.